UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN MACQUARRIE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>NIPPON YUSEN KABUSHIKI KAISHA, et al.,<br><br>    Defendants. | Case No.  13-cv-02409-JST<br><br>**ORDER VACATING MOTION HEARING AND RELATING CASES**<br><br>Re: ECF Nos. 11, 14 |

Now before the Court is Plaintiffs' Administrative Motion to Consider Whether Cases Should Be Related. ECF No. 14. The Court will grant the motion.

The plaintiffs in <u>Martens Cars of Washington, Inc., et al. v. Nippon Yusen Kabushiki Kaisha, et al.</u>, Case No. 3:13-cv-02696-EDL, originally moved the Court to relate <u>Martens Cars</u> to this action ("<u>MacQuarrie</u>"). ECF No. 8. The Court denied that motion without prejudice on July 1, 2013, finding that the <u>Martens Cars</u> plaintiffs had failed to comply with the requirement in Civil Local Rule 3-12(b) that "a copy of the motion [to consider whether cases are related], together with proof of service pursuant to Civil L.R. 5-6, must be served on *all known parties* to each apparently related action." ECF No. 10, p. 1 (emphasis added). The <u>Martens Cars</u> plaintiffs had not attached a certificate of service, and so there was no evidence they had complied with this requirement.

On July 3, 2013, the <u>Martens Cars</u> plaintiffs again moved the Court to consider whether to relate those two cases. ECF No. 11. Once again, however, they failed to comply with Rule 3-12(b). Instead of serving all known parties, they served only "all counsel registered to receive service via CM/ECF," ECF No. 11-4, p.2, which presumably included only plaintiffs' counsel, since no defendants have yet appeared. The Court set the matter for hearing on July 30, 2013, so the Court

could elaborate on the service requirement in Rule 3-12(b), in order to make sure that Defendants received notice of the motion and to avoid unnecessary, successive motions.

On July 9, 2013, Plaintiffs in MacQuarrie filed a motion to consider whether to relate Martens Cars, as well as the following additional actions, to MacQuarrie:

- Levis v. Nippon Yusen Kabushiki Kaisha, No. 3:13-cv-02895-NC;
- Spicer v. Nippon Yusen Kabushiki Kaisha (NYK Line), No. 4:13-cv-02894-DMR;
- Versalles vs. EUKOR Car Carrier Inc., No. 3:13-cv-02999-NC; and
- Heilicher v. Nippon Yusen Kabushiki Kaisha, No. 3:13-cv-03000-EDL.

ECF No. 14. That motion superseded the July 3 motion. In the July 9 motion, Plaintiffs represented that Defendants had agreed McQuarrie should be related to the Martens Cars, Levis, and Spicer cases, and that the parties were in the process of discussing whether Defendants will agree to relate Versalles and Heilicher. They also served all known defendants, ECF No. 14-4, and the time to file an opposition has now passed.

Plaintiffs also attached a copy of "Defendants' Memorandum of Law in Response to the Motion of Plaintiff Joan MacQuarrie and Brenda Keegan, On Behalf of Themselves and All Others Similarly Situated, For Transfer and Consolidation of Related Actions to the Northern District of California Pursuant to 28 U.S.C. 1407" filed July 8, 2013 in In Re Vehicle Carrier Services Antitrust Litigation, MDL No. 2471, ECF No. 32 ("Defs. MDL Opp."). ECF No. 14-2. In that document, Defendants unequivocally take the position that all of the pending vehicle carrier service antitrust cases should be related and consolidated in one court, although they dispute whether it should be this one. See id. p. 2 ("Defendants agree with the MacQuarrie Plaintiffs that the cases that have been filed thus far (the 'Related Actions'), and any similar cases that are filed in the future, should be transferred and consolidated in one court").[1] Thus, while

---

[1] The defendants who so stated include each Defendant in the present action: Compania Sud Americana De Vapores S.A.; Eukor Vehicle Carriers Inc.; "K" Line America, Inc.; Kawasaki Kisen Kaisha, Ltd.; Mitsui O.S.K. Lines, Ltd.; NYK Line (North America), Inc.; Nippon Yusen Kabushiki Kaisha; Nissan Motor Car Carrier Co., Ltd.; Toyofuji Shipping Co., Ltd.; Wallenius Lines AB; Wallenius Wilhelmsen Logistics AS; Wallenius Wilhelmsen Logistics Americas LLC; and Wilh. Wilhelmsen ASA; and Wilh. Wilhelmsen Holding ASA. See Defs. MDL Opp. p. 2 n.1.).

there remains a dispute about whether the Northern District of California is the right home for these cases — a question not before this Court — it is undisputed that the cases are related and should be managed jointly.

Accordingly, because it now appears that there is no dispute that (1) these actions concern substantially the same parties, property, transaction, or event; and (2) that there will likely be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges, L.R. 3-12(a), and as the judge assigned to the earliest-filed case below that bears my initials, I find that the following, more recently filed cases are related to the present case and such cases shall be reassigned to me.

- Martens Cars of Washington, Inc. v. Nippon Yusen Kabushiki Kaisha, No. 3:13-cv-02696-EDL;

- Levis v. Nippon Yusen Kabushiki Kaisha, No. 3:13-cv-02895-NC;

- Spicer v. Nippon Yusen Kabushiki Kaisha (NYK Line), No. 4:13-cv-02894-DMR;

- Versalles vs. EUKOR Car Carrier Inc., No. 3:13-cv-02999-NC; and

- Heilicher v. Nippon Yusen Kabushiki Kaisha, No. 3:13-cv-03000-EDL.

The Court further orders as follows:

1. Counsel are instructed that all future filings in any reassigned case are to bear the initials "JST" after the case number.

2. Any case management conference in any reassigned case is hereby vacated and will be rescheduled by the Court. The Case Management Conference originally scheduled in the McQuarrie case for September 11, 2013 is hereby continued to Tuesday, October 15, 2013. The Court will issue a separate scheduling order governing all related cases, setting a deadline for the filing of a Joint Case Management Statement.

3. Unless otherwise ordered: any dates for hearing noticed motions are vacated and must be re-noticed by the moving party; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge. The Court does

1 not anticipate that any party will need to seek relief until after the MDL Panel has acted on the
2 pending motion for transfer and consolidation.

3     4. Any filings concerning all cases shall recite, below the title of the document, "This
4 Document Relates to All Cases." All such fillings shall be filed solely in the MacQuarrie docket,
5 Case No. 3:13-cv-2409-JST. Any filings concerning only one of the above-captioned cases shall
6 recite, below the title of the document, "This Document Relates to [case number] Only" and shall
7 be filed solely in the docket for that case.

8     5. Counsel in the related actions shall familiarize themselves with this Court's
9 standing orders.

10     6. The hearing scheduled for July 30, 2013, on the Martens Cars plaintiffs' motion to
11 consider whether cases are related is vacated.

12     7. The clerk is directed to terminate ECF Nos. 11 and 14.

**IT IS SO ORDERED**.

Dated: July 23, 2013

                                                                                                               _____
                                                                                                                JON S. TIGAR
                                                                                   United States District Judge