## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE: VEHICLE CARRIER SERVICES
ANTITRUST LITIGATION**                                      MDL No. 2471

### TRANSFER ORDER

**Before the Panel:** Plaintiffs in one Northern District of California action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of California.

All parties agree that centralization is warranted, but disagree as to which is the most appropriate transferee district. Plaintiffs in thirteen actions and potential tag-along actions pending in the Northern District of California, the Middle District of Florida, the District of New Jersey, and the Southern District of New York support the motion. Plaintiffs in two of these actions suggest centralization in the Middle District of Florida, in the alternative.

Supporting the District of New Jersey as transferee district are plaintiffs in one District of New Jersey action and one Southern District of New York potential tag-along action, as well as defendants.[1] The District of New Jersey plaintiff alternatively supports centralization in the Northern District of California, and defendants alternatively suggest centralization in the Southern District of New York. Plaintiffs in three Southern District of California actions and potential tag-along actions suggest centralization in that district.

This litigation currently consists of six actions listed on Schedule A and pending in four districts, two actions each in the Middle District of Florida and the District of New Jersey, and one

---

*       Judge Sarah S. Vance did not participate in the disposition of this matter.

[1]       American Auto Logistics, Inc.; American Auto Logistics, LP; American Logistics Network, LLP; American Roll-on Roll-Off Carrier, LLC; American Shipping and Logistics Group, Inc.; Compañia Sud Americana De Vapores S.A.; CSAV Agency, LLC; EUKOR Vehicle Carriers Inc.; Fujitrans U.S.A., Inc.; Kawasaki Kisen Kaisha, Ltd.; "K" Line America, Inc.; Mitsui O.S.K. Bulk Shipping (USA), Inc.; Mitsui O.S.K. Lines, Ltd.; MOL (America), Inc.; MOL Logistics (U.S.A.), Inc.; Nippon Yusen Kabushiki Kaisha; Nissan Motor Car Carrier Co., Ltd.; NYK Line (North America) Inc.; Toyofuji Shipping Co., Ltd.; Wallenius Lines AB; Wallenius Wilhelmsen Logistics Americas LLC; Wallenius Wilhelmsen Logistics AS; Wilh. Wilhelmsen ASA; Wilh. Wilhelmsen Holding ASA; World Logistics Service (U.S.A.) Inc.; World Transport (USA) Inc.; WWL Vehicle Services Americas Inc.

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
ATTEST
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey

By: _____ Deputy Clerk   10/23/13

-2-

action each in the Northern District of California and the Southern District of California.[2]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that defendants conspired to fix, raise, maintain, and stabilize the price of vehicle carrier services charged to original equipment manufacturers in violation of Section 1 of the Sherman Antitrust Act, and corresponding state antitrust and state consumer protection statutes. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

There is no clear focal point for this litigation, which is bi-coastal in nature, with defendants located in Asia and Europe. On balance, we are persuaded that the District of New Jersey is an appropriate transferee forum for this litigation. Two actions are pending in this district before Judge Esther Salas, an experienced transferee judge who presently is not presiding over an MDL. Several defendants maintain their United States headquarters in New Jersey. The ease of accessibility also makes the District of New Jersey a good choice for transferee district.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Esther Salas for coordinated or consolidated pretrial proceedings in that district.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | |

---

[2] The Panel has been notified of nineteen related actions pending in the Northern District of California, the Southern District of California, the District of New Jersey, and the Southern District of New York. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

**IN RE: VEHICLE CARRIER SERVICES**
**ANTITRUST LITIGATION**                    MDL No. 2471

## SCHEDULE A

Northern District of California

Joan MacQuarrie, et al. v. Nippon Yusen Kabushiki Kaisha, et al., C.A. No. 3:13-02409

Southern District of California

David Schroeder v. Nippon Yusen Kabushiki Kaisha, et al., C.A. No. 3:13-01319

Middle District of Florida

Kenneth A. Nelson, et al. v. Nippon Yusen Kabushiki Kaisha, et al., C.A. No. 3:13-00604
Esteban Adame v. Nippon Yesen Kabushiki Kaisha, et al., C.A. No. 3:13-00651

District of New Jersey

F. Ruggiero & Sons, Inc., et al. v. NYK Line (North America) Inc., et al.,
    C.A. No. 2:13-03306
Bethanne Knudson v. NYK Line (North America) Inc., et al., C.A. No. 2:13-3485